**FORE SYSTEMS FEDERAL, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 97–731C.**

United States Court of Federal Claims.

March 4, 1998.

Rand L. Allen, Wiley, Rein and Fielding, Washington, DC, for Fore Systems.

Ronald George Morgan, United States Department of Justice, Washington, DC, for U.S.

C. Stanley Dees, McKenna & Cuneo, Washington, DC, for Cisco Systems.

### Order

WEINSTEIN, Judge.

On December 19, 1997, defendant filed a Request for Clarification of Protective Order ("Request") seeking clarification of the court's orders of December 2, 1997 and December 17, 1997, approving a protective order ("Protective Order") covering certain material identified in the Joint Designation of Protected Material, filed by the parties and *amicus curiae* on November 21, 1997.

Defendant's Request states that the National Security Agency ("NSA" or "Agency"), which is beginning its resolicitation of the contract that was the subject of this bid protest case, is required by FAR 15.507(b)(1) to provide all prospective offerors for the new solicitation with the same information regarding the successful offeror's proposal that was provided to unsuccessful offerors in debriefings conducted on the original "award". This information included materials that deal with the unit pricing of the *amicus curiae*, Cisco. These materials are designated as protected in the Protective Order. Defendant seeks an order "clarifying" that the Agency's disclosure of the information dealing with Cisco's unit pricing would not violate the Protective Order.

Plaintiff's response did not object to defendant's Request. Cisco opposed defendant's Request ("Opposition"). Defendant filed a Response to Cisco's Opposition ("Response").

For the reasons discussed below, the court denies defendant's Request, concluding that there was no contract award to Cisco, or any other offeror, after the original solicitation, and therefore that FAR 15.507 does not require the disclosure of Cisco's unit pricing. Therefore the Protective Order prohibiting such disclosure need not be "clarified".

### Discussion

FAR 15.507 [1] provides in pertinent part:

**15.507   Protests against award**

(b) If a protest causes the agency, within 1 year of contract award, to—

(1) Issue a new solicitation on the protested contract award, the contracting officer shall provide the information in paragraph (c) of this section to all prospective offerors for the new solicitation; . . .

---

1. The relevant FAR regulations were revised in 1997, effective October 10, 1997 (and mandatory for solicitations issued after January 1, 1998).

*See* 62 FR 51224 (1997). The pertinent language previously was found at FAR 15.1007.

(c) The following information will be provided to appropriate parties:

(1) Information provided to unsuccessful offerors in any debriefings conducted on the original award regarding the successful offeror's proposal; and

(2) Other nonproprietary information that would have been provided to the original offerors.

Defendant argues that FAR 15.507 requires the Agency is to provide prospective offerors for the new solicitation the same information regarding the successful offeror's proposal provided to unsuccessful offerors in debriefings conducted under the original "award," including Cisco's unit prices.

Defendant contends that Cisco's unit prices were disclosed after the original "award" of the contract to Cisco pursuant to FAR 15.1003 and 15.1006. Under FAR 15.1003(b), the contracting officer is required to provide a postaward notice to each unsuccessful offeror, within 3 days after the date of the contract award, which notice "shall include ... (iv) the items, quantities, and unit prices of each award ..." FAR 15.1006, which addresses the postaward debriefing to be provided to offerors who request debriefing, additionally provides in subsection (d) that "[a]t a minimum, the debriefing information shall include ... (2)[t]he overall evaluated cost or price ... of the successful offeror and the debriefed offeror ..."

In its Opposition, Cisco argues that FAR 15.507(b)(1) does not apply to the new solicitation, and therefore does not compel disclosure of Cisco's unit prices, because the FAR provision applies only to protests that arise within one year of a "contract award."

During the course of the initial procurement and resulting bid protest, defendant too maintained that *no* contract award had been made (and therefore FAR 15.507(b)(1), 15.1003 and 15.1006 would not apply). For example, at the November 3, 1997, hearing, in response to the court's question as to whether an award had been made, defendant's counsel stated: "[T]he answer to that question is, we believe no. As a matter of fact, when we met last time, there was some question as to whether this was a pre- or a post-award bid protest situation....". Tr. (11/3/97 hearing) at 4. Government counsel also cited case law[2] for the proposition that "once a contract has been quote-unquote, 'awarded,' but performance has not yet commenced and negotiations are reopened, that voids the earlier contract." *Id.* Counsel went on to say that "[in the cited cases], the Court held and decided that those were all pre-award; that is, there was no existing contract once the Government reopened negotiations. Otherwise, you have the situation where you are conducting negotiations on a contract that has already been awarded, which is nonsensical." *Id.* at 5.

Defendant has not explained, either in its Request or in its Response, why its prior position that there was no contract award, was incorrect. The court is constrained to conclude that there was no contract award to Cisco in the original solicitation. Absent an award, the Agency's disclosure of Cisco's unit pricing to the other offerors was not authorized by FAR 15.1003(b) [or] FAR 15.1006, and FAR 15.507 does not require the Agency to disclose Cisco's unit pricing in the resolicitation.

Furthermore, defendant on November 21, 1997 (less than a month prior to filing its Request) signed the Joint Designation, identifying Cisco's unit pricing as material to be protected for 3 years. Surely defendant was then aware that the Agency would be resoliciting the contract.

Defendant contends that it understood the Protective Order as intended to ensure that information submitted during litigation would not be released by the court. However, this

**2.** The cases cited by defendant's counsel were *IMS Servs., Inc. v. United States*, 32 Fed.Cl. 388 (1994), *Unified Indus. v. United States*, 24 Cl.Ct. 570 (1991), and *Logicon, Inc. v. United States*, 22 Cl.Ct. 776 (1991), which were all decided by the Court of Federal Claims (or its predecessor) at a time when the Court had jurisdiction over only pre-award bid protests. Although these cases are not binding, their holding implicitly is supported by a case not cited by defendant, *Parcel 49C Ltd. Partnership v. United States*, 31 F.3d 1147 (Fed.Cir.1994) (affirming the Court of Federal Claims' grant of injunctive relief as a pre-award bid protest in a case where the contract had been awarded, but was canceled prior to performance). *Id.* at 1149, 1154.

does not explain why defendant agreed therein to the non-disclosure of materials *Cisco* identified as protected.

Defendant suggests that disclosure will insure that all offerors in the resolicitation have the same information. However, disclosing Cisco's unit prices would give new offerors Cisco's unit prices without giving such information to Cisco.

For the reasons stated above, defendant's request for "clarification" of the protective order is denied.